UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHARLES HAROLD COCHRAN | * | CIVIL ACTION |
| Plaintiff | | |
| | * | NO. 2:11-cv-453 |
| VERSUS | | |
| | * | SECT.    M AG. |
| BP, PLC, BP PRODUCTS NORTH AMERICA, INC., BP AMERICA, INC., TRANSOCEAN, LTD., TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., TRANSOCEAN DEEPWATER, INC., HALLIBURTON ENERGY SERVICES, INC. AND CAMERON INTERNATIONAL CORPORATION f/k/a COOPER CAMERON CORPORATION | * * * * | JURY DEMAND |
| Defendants | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*

## COMPLAINT FOR DAMAGES

### I.     PREAMBLE

**NOW COMES** Charles Harold Cochran, an adult citizen of the State of Mississippi, United States of America, through undersigned counsel, and with respect represents and avers.

### II.     JURISDICTION AND VENUE

1.     Jurisdiction arises pursuant to 28 U. S. C. 1331, 28 U. S. C. 1332, and 28 U. S. C.

1333.  The provisions of the Saving to Suitors are specifically invoked.  This Court additionally has supplemental jurisdiction over all applicable State Law claims arising out of the transaction or occurrence herein alleged. Venue is proper because the conduct complained of occurred within the Eastern District of Louisiana, and pursuant to Orders applicable to MDL-2179.

### III.    PARTIES

2. Plaintiff, Charles Harold Cochran, is an adult citizen of the State of Mississippi, at all times an employee of Defendant(s) Transocean, Ltd., and/or Transocean Offshore Deepwater Drilling, Inc., and/or Transocean Deepwater, Inc;

3. Defendant, Transocean, Ltd., is a foreign corporation doing business in the State of Louisiana and within this district;

4. Defendant, Transocean Offshore Deepwater Drilling, Inc. is a foreign corporation doing business in the State of Louisiana and within this district;

5. Defendant, Transocean Deepwater, Inc., is a foreign corporation doing business in the State of Louisiana and within this district;

6. Defendant, BP, P.L.C., is a foreign corporation doing business in the State of Louisiana and within this district;

7. Defendant, BP Products North America, Inc., is a foreign corporation doing business in the State of Louisiana and within this district;

8. Defendant, BP America, Inc., is a foreign corporation doing business in the State of Louisiana and within this district;

9. Defendant, Halliburton Energy Services, Inc., is a foreign corporation doing

business in the State of Louisiana and within this district; and

10. Defendant, Cameron International Corporation f/k/a Cooper-Cameron Corporation, is a foreign corporation doing business in the State of Louisiana and within this district.

## IV. FACTUAL ALLEGATIONS

11. Transocean, Ltd., Transocean Offshore and Transocean Deepwater (collectively Transocean are the owners and/or operators of the DEEPWATER HORIZON, a semi-submersible mobile drilling rig, which was performing completion operations for BP, BP Products and BP America on the outer Continental Shelf, on April 20, 2010, when the rig experienced a well blow-out, explosion and fire, and ultimately sank into the Gulf of Mexico.

12. The DEEPWATER HORIZON was on April 20, 2010 a vessel within the scope of application of 46 U.S.C. 688 and related jurisprudence.

13. At all times pertinent, Charles Harold Cochran was employed by Transocean as a crewmember of the DEEPWATER HORIZON, specifically, as its chief mechanic.

14. BP, BP Products and BP America are the holders of a lease granted by the Minerals Management Service that allows BP to drill for oil and perform oil-production-related operations at the site of the and oil spill, and on April 20, 2010 operated the DEEPWATER HORIZON.

15. Upon information and belief, Cameron manufactured and/or supplied the DEEPWATER HORIZON's blow-out-preventer (BOP), which failed to operate so as to prevent the explosion and fire which resulted.

16. Halliburton was engaged in cementing operations of the well and well cap, and, upon information and belief, improperly and negligently performed these duties, increasing the pressure at the well and contributing to the fire, explosion and resulting oil spill.

17. On April 20, 2010, at or about 9:45 p.m., At the time of the explosion, Charles Harold Cochran was in his quarters aboard the DEEPWATER HORIZON, asleep in his bunk, and due to the forces unleashed by the blow out and/or resulting explosion, was violently thrown from his bunk and across his cabin, after which he felt severe pain in his neck and shoulder area.

18. Amid the panic and screaming of the crew, while the rig fell into pieces around him, he made his way to a lifeboat for evacuation.  He was placed into a lifeboat which was lowered to the Gulf of Mexico, from which he was transferred to a workboat, while experiencing severe pain in his neck and shoulder area.  These injuries have since required a long and arduous course of medical care and treatment, which will continue throughout his life, including but not limited to surgical procedures.

19. While aboard the workboat for the remainder of the night, and throughout the next day, he witnessed the crew all about him, screaming, and visions of the rig burning and disintegrating, which impressions, in addition to the physical injuries and their consequences caused by of the same events subject of suit, caused and continue to cause him to suffer extreme emotional damages which will not abate.

20. As a result of his injuries, Charles Cochran is and will remain permanently and totally physically, functionally and anatomically disabled, impaired and disfigured.

21. As a result of his disabilities, Charles Cochran is unable to engage in any

employment, and has lost and will continue to lose income, among other economic damages.

22.     As a result of his injuries and disabilities, Charles Cochran has incurred and will continue to incur medical and related expenses.

### V.     CAUSES OF ACTION

23.     Plaintiff asserts against Transocean a cause of action in negligence under the Jones Act, 46 U.S.C. 688.

24.     Plaintiff asserts against Transocean the general maritime law claim breach of warranty unseaworthiness, in the following nonexhaustive particulars:

        a.     Failure to provide vessel, equipment, appliances and appurtenances reasonably fit for their intended use;

        b.     Failure to provide adequately constituted, trained, supervised or competent crew;

        c.     Failure to adequately equip vessel for its intended mission and purpose;

        d.     Improper method of vessel operation;

        e.     Unsafe work methods aboard the vessel;

        f.     Improper contractor operations;

        g.     Negligent orders;

        h.     Inadequate and defective safety equipment;

        i.     Any and all others shown.

25.     Plaintiff asserts against Transocean general maritime law claims for maintenance and cure, and additionally, preserves all rights relative to any arbitrary, capricious, callous denial

or discontinuance without probably cause.

26. Plaintiff alleges the negligence of Transocean, in the following nonexclusive particulars:

    a. Failing to properly operate the Deepwater Horizon;

    b. Operating the Deepwater Horizon in such a manner that a fire and explosion occurred onboard;

    c. Failing to properly inspect the Deepwater Horizon to assure that its equipment and personnel were fit for their intended purpose;

    d. Acting in a careless and negligent manner without due regard for the safety of others;

    e. Failing to promulgate, implement and enforce rules and regulations pertaining to the safe operations of the Deepwater Horizon which, if they had been so promulgated, implemented and enforced, would have averted the Plaintiff's injuries and damages;

    f. Operating the Deepwater Horizon with untrained and unlicensed personnel;

    g. Inadequate and negligent training and hiring of personnel;

    h. Failure to provide reasonably safe workplace;

    i. Failure to provide vessel, equipment, appliances and appurtenances reasonably fit for their intended use;

    j. Failure to provide adequately constituted, trained, supervised or competent

    crew;

k.  Failure to adequately equip vessel for its intended mission and purpose;

l.  Improper method of vessel operation;

m.  Unsafe work methods aboard the vessel;

n.  Improper contractor operations;

o.  Negligent orders;

p.  Inadequate and defective safety equipment;

q.  Negligent operation and/or operation methods;

r.  Failing to take appropriate action to avoid or mitigate the accident;

s.  Negligent implementation of policies and procedures to safely conduct offshore operations in the Gulf of Mexico;

t.  Employing untrained or poorly trained employees and failing to properly train their employees;

u.  Failing to ascertain that the Deepwater Horizon and its equipment were free from defects and/or in proper working order;

v.  Failure to timely warn;

w.  Failure to timely bring the oil release under control;

x.  Failure to provide appropriate accident prevent equipment;

y.  Failure to observe and read gauges that would have indicated excessive pressures in the well;

z.  Failure to react to danger signs;

      aa.    Providing BOP's that did not work properly;

      bb.    Conducting well and well cap cementing operations improperly;

      cc.    Acting in a manner that justifies imposition of punitive damages; and

      dd.    Such other acts of negligence and omissions as will be shown at the trial of this matter; all of which acts are in violation of the laws of Louisiana and Federal law applicable on the outer Continental Shelf.

27. Plaintiff incorporates and adopts as to all other defendants the allegations of negligence contained in the paragraph above.

28. All defendants herein are liable to the plaintiff jointly, severally, divisibly and in solido.

29. Plaintiff pleads by reference any and all State Law causes of action and/or remedies in accord with the Court's supplemental jurisdiction, and/or the Saving to Suitors Clause.

## VI.    DAMAGES

30. Plaintiff sustained damages as a direct and proximate result of, and/or which were substantially caused by, the acts omissions, conditions, and events subject of suit.

31. Plaintiff itemizes his elements of damages as follows:

    a.    Past and future physical pain, suffering and anguish;

    b.    Past and future mental pain, suffering and anguish;

    c.    Past and future medical expenses;

    d.    Past and future expenses for rehabilitation, therapies, assistance, and home health care;

    e.    Past and future aggravation and/or exacerbation of dormant and/or asymptomatic

       preexisting conditions, diseases and/or injuries;

    f.      Past and future post-traumatic stress;

    g.     Past and future physical, functional and anatomical disabilities, disfigurements and impairments;

    h.     Past and future loss of income;

    i.      Past and future loss of earning capacity;

    j.      Past and future loss of enjoyment of lifestyle;

    k.     Any and all others proven.

32. Plaintiff prays for compensatory damages in an amount reasonable in the premises.

33. Plaintiff prays for an award of attorneys' fees and punitive damages against Transocean for arbitrary and capricious failure to pay, denial and/or discontinuance of, maintenance and cure without probable cause, and/or willful and wanton disregard of the maintenance and cure obligation.

34. The unseaworthy conditions aboard DEEPWATER HORIZON demonstrate Transocean's grossly negligent, callous, willful, wanton, reckless and indifferent disregard for the Plaintiff's federally protected rights to a seaworthy vessel, and evil motive or intent. Accordingly, Plaintiff prays for an award of punitive damages as a deterrent and punishment relative to the unseaworthiness of the DEEPWATER HORIZON.

35. Defendants' conduct herein demonstrates grossly negligent, callous, willful, wanton, reckless and indifferent disregard for the Plaintiff's federally protected rights, and evil motive or intent. Accordingly Plaintiff prays for an award of punitive damages as a deterrent and

punishment relative to Defendants' acts and omissions which caused Plaintiff's damages.

## VII.  PRAYER FOR RELIEF

**WHEREFORE**, Charles Harold Cochran prays that Defendants be duly summoned and made to appear and answer this Complaint, and that after all due proceedings be had, there be judgment herein in favor of Charles Harold Cochran and against BP, PLC, BP Products North America, Inc., BP America, Inc., Transocean, Ltd., Transocean Offshore Deepwater Drilling, Inc., Transocean Deepwater, Inc., Halliburton Energy Services, Inc. And Cameron International Corporation F/K/A Cooper Cameron Corporation holding them liable jointly, severally, divisibly and in solido to Plaintiff in an amount reasonable in the premises, for awards of attorney's fees and punitive damages, for pre and post-judgment interest, for Defendants to bear all costs of these proceedings, and for all available legal, general and equitable relief.

Plaintiff prays for trial by jury.

Respectfully submitted,

**BEST KOEPPEL TRAYLOR**


    *s/Peter S. Koeppel*
LAURENCE E. BEST - #3012
PETER S. KOEPPEL - #1465
BRIAN A. GILBERT - #21297
2030 St. Charles Avenue
New Orleans, Louisiana 70130
Telephone: (504) 598-1000
Facsimile: (504) 524-1024
*Counsel for Plaintiff, Charles Harold Cochran*